THEODORE HART, Plaintiff, *v.* DEEMS TAYLOR, as President of the American Society of Composers, Authors and Publishers, an Unincorporated Membership Corporation, et al., Defendants.

Supreme Court, Trial Term, New York County, October 15, 1945.

*Henry W. Fried* for plaintiff.

*Louis D. Frohlich* for defendants.

BLAIR, J. This is an action against an unincorporated association, the American Society of Composers, Authors and Publishers (hereinafter called " ASCAP "), brought by Theodore Hart, sole surviving next of kin of Lorenz Hart, a well-known lyricist who died in 1943. The object of the action is to secure royalties on deceased's songs, held in suspense account by ASCAP, in which deceased had been a member since 1926.

As a condition of membership in ASCAP, Lorenz Hart had assigned his royalties to ASCAP when he became a member, and it was stipulated on the trial that they now amount to $29,049.81. Section 6 of article III of the articles of association required such assignment. Compliance with the requirement is shown by plaintiff's Exhibits 1-B, 1-C, 1-D, 1-E and 1-F.

The rights appertaining to membership may not be disposed of by members in their wills or otherwise, but upon a member's death a posthumous membership is created to succeed him, and his " widow, * * * child, children, heir, heirs, or next of kin, or any one or more of such persons, may be awarded a share in royalty distributions not exceeding that which would, in the judgment of the proper classification committee, have been awarded to the deceased member had he been living at the time of such royalty distribution " (art. XX, § 2). For the purpose of receiving posthumous royalties, any person who has acquired " by will or under any law " the right to royalties from a musical work existing in a deceased member may be elected a " successor of deceased composers and authors " (art. III, § 1).

The will (duly probated) of Lorenz Hart provides: " I also respectfully request that all sums that may be payable to me by " ASCAP " be paid to my Executors and Trustees hereunder or to the legal entity which may be organized by them under the provisions of this, my Will." No such legal entity having been organized, the executors and trustees under the will, whose names do not include plaintiff, are prima facie entitled to the royalties. The will, moreover, has made a disposition of them

in harmony with the Copyright Law (U. S. Code, tit. 17, § 23). To perfect their right to posthumous royalties, the executors and trustees have applied for election to ASCAP as successor members under section 1 of article III. Action has been deferred because of the pendency of the present action.

The principal objections to the disposition of the royalties to the executors and trustees and not to the plaintiff is founded upon a provision in article XV of ASCAP's articles of association to the effect that royalties shall be apportioned by distributing one half to " music publisher " members and one half to " composer and author " members. From this it is argued that " successor members ", being in strictness embraced in neither of the two categories mentioned in article XV, can never participate in a distribution. In my opinion, so to hold would not only reduce the perquisites of successor membership to " a teasing illusion like a munificent bequest in a pauper's will " (*Edwards* v. *California,* 314 U. S. 160, 186), but would nullify the manifest purpose of the provision defining a successor member as any person who has acquired " by will or under any law, the right, title and interest of a deceased composer or author ". The successor member is thus clearly intended to succeed to the rights which the deceased member possessed, except the right to vote and hold office, these exceptions being set out in the paragraph of section 1 of article III creating successor memberships. Executors have frequently been elected to successor memberships. As CARDOZO, Ch. J., said in *Guaranty Trust Co.* v. *N. Y. & Q. C. Ry. Co.* (253 N. Y. 190, 200): " * * * the executor continues for the most part as universal successor the *persona* of a testator ".

Since the plaintiff cannot point to any language in his brother's will bestowing upon him greater rights than he would have upon an intestacy, and since the will itself, in language which the testator, aware of the restraint upon a free disposition of royalties consequent upon his membership in ASCAP, took care to cast in precatory form, bestowed the right to royalties upon his executors and trustees, the plaintiff has no *locus standi* to assert against ASCAP any claim to posthumous royalties.

In view of the practice adhered to in the past by the directors of ASCAP, there is no reason to suppose that when they take action on the application of the executors and trustees under Lorenz Hart's will, action until now withheld in deference to the court, they will proceed to elect plaintiff a successor member and set at naught the expressed desire and intention of the testator. If an event so unlikely shall take place in the future,

the plaintiff may secure the posthumous royalties without the need of invoking the aid of the court. Upon the present record, however, Ascap is entitled to judgment on the merits, and to the dismissal of the complaint.

Settle judgment on notice.